UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DENNIS SINDONE,

           Plaintiff,

  -against-

                                            **COMPLAINT**
RAYMOND KELLY as Commissioner of the       **JURY TRIAL DEMAND**
New York City Police Department;
BERNARD B. KERIK, as Former Commissioner    05 Civ. 7860 (VM) (GWG)
of the New York City Police Department;
THE NEW YORK CITY POLICE DEPARTMENT;    ECF CASE
and THE CITY OF NEW YORK

           Defendants.

------------------------------------------------------------------------X

        The Complaint of plaintiff DENNIS SINDONE, by his attorneys Gordon, Gordon & Schnapp, P.C., respectfully shows the following:

Preliminary Statement

        1.    This action is brought pursuant to 42 U.S.C. § 1983 and other applicable provisions of federal, state, and local law, rules, and regulations, to challenge the actions of defendants in terminating plaintiff's employment without affording him the most rudimentary form of Due Process, <u>i.e.</u>, an unbiased adjudicator.  Plaintiff, a former Deputy Inspector in the New York City Police Department ("PD"), was arrested and arraigned on a federal indictment in May 2001.  A federal jury acquitted plaintiff of all of the criminal charges alleged against him.  During plaintiff's criminal trial, New York City administrative officials, including but not limited to the Police Commissioner, made public statements declaring plaintiff guilty of the criminal charges against him.  After

plaintiff's acquittal in the criminal proceedings, the PD pursued disciplinary charges against him based on the same allegations which were the subject of the criminal proceedings.  Despite the prior statements by the Police Commissioner and other City officials prejudging plaintiff's guilt, defendants failed and refused to provide plaintiff with an unbiased adjudicator to hear and decide the disciplinary charges against him.  Not suprisingly, the PD, whose former Commissioner had previously announced plaintiff's guilt, purported to find him guilty and thereafter fired him.  By failing to provide plaintiff with an unbiased adjudicator, defendants violated plaintiff's constitutional right to Due Process and otherwise violated applicable provisions of federal, state, and local law.

## Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper on the grounds that:

   a) Defendants maintain offices located within the Southern District of New York;

   b) Most or all of the actions complained of herein took place within the Southern District of New York; and

   c) Upon information and belief, defendants' records relevant to this action are maintained within the Southern District of New York.

4. This Court is authorized by 42 U.S.C. §§ 1981, 1983 and 1988 to grant the relief requested herein.

The Parties

5. Plaintiff DENNIS SINDONE is a citizen and resident of the United States and of the State of New York.

6. Defendant RAYMOND KELLY, and/or his predecessors and successors, is and at all material times herein has been the Commissioner and Chief Executive Officer of the PD, and as such has and has had all the powers, duties and responsibilities set forth in §§ 431 and 434 of the New York City Charter.

7. Defendant BERNARD B. KERIK was the former Commissioner of the PD and as such had all the powers, duties and responsibilities set forth in §§ 431 and 434 of the New York City Charter.

8. Defendant NEW YORK CITY POLICE DEPARTMENT is, and at all material times herein has been, an agency of the City of New York created and existing pursuant to Chapter 18 of the New York City Charter and having the powers, duties, and responsibilities provided for therein.

9. Defendant CITY OF NEW YORK is, and at all material times herein has been, a municipal corporation organized and existing pursuant to the laws of the State of New York.

Factual Allegations

10. Plaintiff was appointed to the position of Police Officer by the PD on or about January 3, 1983, having duly taken and passed a competitive examination for the position of Police Officer.

11. Plaintiff received a number of promotions during his career with the PD as a result having passed competitive promotional exams. Plaintiff was promoted

to: Sergeant in December 1988; Lieutenant in December 1996; and Captain in March 2000.  Plaintiff duly completed the probationary periods applicable to his promotions to Sergeant and Lieutenant.

       12.   As a result of passing the aforementioned competitive civil service examinations and being duly selected from resulting eligibles' lists, plaintiff enjoyed tenure and a property interest in his employment with the PD, pursuant to both New York State and Federal law.  Accordingly, plaintiff could not be removed therefrom without prior notice, stated charges, and a hearing.

       13.   On or about April 12, 2001, Police Commissioner Kerik promoted plaintiff to Deputy Inspector.

       14.   On or about May 31, 2001, plaintiff was arrested and arraigned on a one-count conspiracy indictment (<u>United States v. Dennis Sindone</u>, Indictment No. 01-CR-517), alleging that he had conspired to deprive a drug supplier of his civil rights by stealing money from one of the drug supplier's drug dealers through the use of an alleged "staged arrest."  Plaintiff denied the criminal charge(s) against him contained in the May 31, 2001 indictment.

       15.   On June 1, 2001, the PD preferred disciplinary charges against plaintiff, which included allegations similar or identical to those contained in the May 31, 2001 indictment.

       16.   Plaintiff denied the disciplinary charges preferred against him by the PD.  The disciplinary charges were held in abeyance pending resolution of plaintiff's criminal case in federal court.

17. Beginning in February 2002, the criminal case against plaintiff was tried before a jury in the United States District Court for the Southern District of New York.

18. On March 6, 2002, plaintiff was exonerated of all criminal charge(s) against him when he was acquitted by the federal jury.

19. Upon information and belief, before and/or during the course of plaintiff's criminal trial, New York City administrative officials, including but not limited to then Police Commissioner Kerik, made public comments, effectively declaring plaintiff guilty of the criminal charges.

20. In June 2002, after plaintiff was acquitted at the criminal trial, the PD pursued the disciplinary charges it had previously preferred against plaintiff and amended the charges on or about June 3, 2002 to include additional allegations.

21. A hearing on the PD disciplinary charges against plaintiff was thereafter held by the PD Trial Room before a Deputy Commissioner, who upon information and belief reported to the Police Commissioner.

22. Following the disciplinary hearing, the Deputy Commissioner, issued a report recommending that plaintiff be found guilty of three of the five charges against him and the penalty of dismissal. Two of the three charges upon which the Deputy Commissioner recommended a finding of guilt involved the same or similar issues presented in the criminal indictment.

23. On September 11, 2002, Police Commissioner Kelly issued a final order adopting the findings of the Deputy Commissioner and dismissing plaintiff from the PD.

24. Upon information and belief, Police Commissioner Kelly, in light of the prior statements by his predecessor speaking for the PD, was not a neutral or unbiased adjudicator and should have recused himself from issuing a decision on plaintiff's case. Defendant Kelly should also not have had plaintiff's case heard and reported on by a subordinate Deputy Commissioner who likewise could not be fair and unbiased.

25. On or about January 12, 2003, plaintiff commenced an Article 78 proceeding in New York State Supreme Court, which, *inter alia*, challenged the termination of his employment with the PD as arbitrary and capricious. This proceeding was transferred to the Appellate Division, First Department which rendered a decision on February 1, 2005, finding that, *inter alia*, plaintiff's termination from the PD was supported by substantial evidence. This proceeding did not, however, constitute a *de novo* review of the charges against plaintiff and therefore did not cure the prior failure to afford plaintiff an unbiased adjudicator.

26. The Due Process issues raised herein were not raised or decided in the aforesaid Article 78 proceeding.

27. Except as otherwise indicated, there has been no prior application for the relief sought herein.

28. As a result of the foregoing, plaintiff has lost, *inter alia*, wages, employment benefits, and promotional opportunities, has suffered mental and emotional anguish and humiliation, and has incurred damages thereby.

AS AND FOR A CAUSE OF ACTION

29. Plaintiff reasserts and realleges each and every allegation contained in Paragraphs "1" through "28," as if the same were set forth herein at length.

30.   The actions of defendants in adjudicating and deciding the disciplinary charges preferred against plaintiff and ultimately terminating him from his employment with the PD, without providing plaintiff with a neutral forum and/or an unbiased adjudicator were in violation of plaintiff's constitutional right to Due Process pursuant to 42 U.S.C.§ 1983, and otherwise violated applicable federal, state, and local law.

### Demand for a Jury Trial

31.   Plaintiff demands a trial by jury in this case on all issues so triable.

### Prayer for Relief

WHEREFORE, plaintiff respectfully prays for a judgment:

A.   Declaring that the actions of defendants complained of herein were unlawful;

B.   Ordering defendants to provide plaintiff with a new hearing on the charges preferred against him to be tried before a neutral, unbiased adjudicator;

C.   Ordering defendants to reinstate plaintiff to his position with the PD, with full back pay and full retroactive benefits, including but not limited to pension credit and eligibility;

D.   Ordering defendants to pay appropriate compensatory and punitive damages;

E.   Awarding plaintiff costs and disbursements as well as reasonable attorneys' fees; and

F.  Awarding such other and further relief as to the Court may seem just and proper.

Date:  New York, New York
       September 8, 2005

>Respectfully Submitted,
>GORDON, GORDON & SCNHAPP, P.C.
>Attorneys for Plaintiff
>437 Madison Avenue — 39th Floor
>New York, New York 10022
>Tel. No. (212) 355-3200
>
>
>By: S//
>        KENNETH E. GORDON (KG 5703)