Docket No. 05 CV 7860 (VM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS SINDONE,

Plaintiff,

-against-

RAYMOND KELLY as Commissioner of the New York
City Police Department; BERNARD B. KERIK as Former
Commission of the New York City Police Department,
THE NEW YORK CITY POLICE DEPARTMENT; and
THE CITY OF NEW YORK,

Defendants

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Melissa G. Shear*
*Tel: (212) 788-0887*
*NYCLIS No. 05LE000296*

Bruce Rosenbaum,
Melissa G. Shear,
   Of Counsel.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ......................................................................................... 3

STATEMENT OF FACTS ............................................................................................... 4

ARGUMENT.................................................................................................................... 7

      POINT I ................................................................................................................ 7

           SINCE PLAINTIFF HAS ALREADY BEEN
           AFFORDED AN ADEQUATE POST
           DEPRIVATION REMEDY, PLAINTIFF'S DUE
           PROCESS CLAIM SHOULD BE DISMISSED
           FOR FAILURE TO STATE A CAUSE OF
           ACTION. ................................................................................. 7

      POINT II................................................................................................................ 8

           THIS COURT DOES NOT HAVE SUBJECT
           MATTER JURISDICTION OVER PLAINTIFF'S
           CLAIMS ................................................................................. 8

      POINT III............................................................................................................... 11

           PLAINTIFF'S COMPLAINT MUST BE
           DISMISSED AS BARRED BY THE DOCTRINE
           OF RES JUDICATA................................................................ 11

CONCLUSION.................................................................................................................. 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

DENNIS SINDONE,

                                          Plaintiff,                    05 CV 7860 (VM)

            -against-

RAYMOND KELLY, as Commissioner of the New York
City Police Department; BERNARD B. KERIK, as Former
Commissioner of the New York City Police Department,
THE NEW YORK CITY POLICE DEPARTMENT; and
THE CITY OF NEW YORK,

                                          Defendants.

---------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff Dennis Sindone ("plaintiff"), a former Deputy Inspector employed by the New York City Police Department ("NYPD") brings this action against Police Commissioner Raymond Kelly, ("Kelly"), former Police Commissioner Bernard B. Kerik, ("Kerik"), the NYPD and the City of New York pursuant to 42 U.S.C. §1983 1988 to challenge the decision of Commissioner Kelly to terminate plaintiff's employment with the NYPD after a Departmental disciplinary trial after which he was found guilty of three of five charges that had been preferred against him.  Plaintiff contends that he was denied his right to due process because neither Commissioner Kelly nor the Deputy Commissioner who presided over his Departmental disciplinary trial were "neutral or unbiased" adjudicators.

Defendants now move pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for dismissal of all claims on the grounds that (1) the complaint fails to state a claim upon which

3

relief may be granted, (2) the Court does not have jurisdiction over the claims asserted, and (3) the complaint is barred by the doctrine of res judicata.

## STATEMENT OF FACTS[1]

Plaintiff was appointed as a Police Officer with the NYPD on or about January 3, 1983. See Complaint ¶ 10. On or about April 12, 2001, Commissioner Kerik appointed Plaintiff to the position of Deputy Inspector. See Complaint ¶ 13. Six weeks after Plaintiff was appointed Deputy Inspector, on or about May 31, 2001, Plaintiff was arrested and arraigned in Federal Court on a one count criminal conspiracy indictment, which alleged that he had conspired to deprive a drug supplier of his civil rights by stealing money from one of the supplier's drug dealers through the use of a "staged arrest." See Complaint ¶ 14. On June 1, 2001, the NYPD brought administrative disciplinary charges against the Plaintiff in connection with the criminal conspiracy arrest and indictment. See Complaint ¶ 15. Plaintiff denied both the criminal conspiracy charges and the NYPD disciplinary charges. The NYPD held the disciplinary charges in abeyance until the after the resolution of the criminal conspiracy charges. See Complaint ¶ 16. In February, 2002, the criminal conspiracy case was tried before a jury in the United States District Court for the Southern District of New York. On March 6, 2002, the jury acquitted the Plaintiff of the criminal charges. See Complaint ¶¶ 17, 18.

In June 2002, the NYPD amended the disciplinary charges. Plaintiff was charged with five counts of misconduct: (1) conspiracy between April and July 1996 to conduct an unlawful seizure and deprive an individual of money; (2) grand larceny by stealing $60,000 on July 2, 1996 in a staged arrest of a drug dealer; (3) perjury in testifying at his federal criminal

---

[1] Solely for the purpose of this motion to dismiss the complaint, defendants assume as true the material and relevant factual allegations set forth in the complaint.

trial when he said "No I did not" in response to a question "Did you place bets with bookies?";

(4) issuing a false financial statement in claiming on an application for a mortgage that $9,500 in

his wife's bank account was "accumulated and saved at my residence" when that was not true;

and (5) attempted petit larceny sometime between January 1984 and August 1987 in taking

money from a bar safe, which he returned upon being confronted by the owner. See Exhibit A at

A00005-6.[2]  A six-day disciplinary hearing was conducted by the NYPD before the Hon. Rae

Downes Koshetz, Deputy Commissioner, Trials, on June 19, 20, 21, 24, 25, and 26, 2002.

Plaintiff was represented at  the disciplinary hearing by counsel and was accorded the

opportunity to call and cross-examine witnesses and to offer documentary exhibits into evidence.

See Exhibit A at A00003-76; Complaint ¶ 21.

The Deputy Commissioner issued a Report and Recommendation on August 23,

2002, in which she found plaintiff guilty of charges 1, 2, and 4, and not guilty of charges 3 and 5,

and recommended a penalty of dismissal. See Exhibit A at A00003-76; (A6); Complaint ¶¶ 21-

23. That recommendation was accepted by Police Commissioner Kelly, who dismissed Sindone

---

[2] Unless otherwise noted, all exhibits are annexed to the Declaration of Assistant Corporation Counsel Melissa G. Shear in Support of Defendants' Motion to Dismiss, dated January 6, 2006 ("Shear Decl."). Defendants have annexed to the Shear Decl. a copy of plaintiff's Appendix submitted to the Appellate Division, First Department, in connection with his appeal in Sindone, v. Kelly, Index No. 100560/03 (Sup. Ct. N.Y. Co.) of the decision of defendant Kelly to terminate his employment on September 11, 2002. This Court may consider all of these exhibits in reviewing this motion to dismiss because these documents are incorporated by reference in plaintiff's complaint. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (court resolving motion to dismiss can consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action); Lakonia Management Ltd. v. Meriwether, 106 F. Supp. 2d 540, 543 (S.D.N.Y. 2000)(the Court also properly may consider any document attached to the complaint as an exhibit or incorporated in it by reference, as well as matters of public record of which it can take judicial notice).

from his employment with the NYPD as of September 11, 2002. See Exhibit A at A00002; Complaint ¶ 23. Plaintiff commenced an Article 78 proceeding on January 13, 2003 challenging that determination. See Complaint ¶ 25; Exhibit A at A00077-117; defendant NYPD submitted a Verified Answer on June 26, 2003. See Exhibit A at A00118-38, omitting the exhibits.

The Article 78 proceeding was transferred to the Appellate Division, First Department, which determined on February 1, 2005 that the NYPD's findings on the disciplinary charges against plaintiff were supported by substantial evidence and that the penalty of termination did not shock the Court's sense of fairness. See Complaint ¶ 25; Sindone v. Kelly, 15 A.D.3d 168 (1st Dep't 2005).

## ARGUMENT

### POINT I

### SINCE PLAINTIFF HAS ALREADY BEEN AFFORDED AN ADEQUATE POST DEPRIVATION REMEDY, PLAINTIFF'S DUE PROCESS CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION.

Plaintiff asserts that the NYPD violated his federal due process rights by failing to provide him with a neutral forum and/or an unbiased adjudicator in connection with his administrative charges. Plaintiff asserts that during his criminal trial, former Police Commissioner Kerik publicly commented about him and "effectively declare[ed] plaintiff guilty of the criminal charges." See Complaint ¶ 19. Plaintiff does not, however, cite any of the purported remarks made in support of this assertion, nor does he state in what fora these remarks were allegedly made. Plaintiff further asserts, upon mere information and belief, that Police Commissioner Kelly was "not a neutral or unbiased adjudicatory and should have recused himself from issuing a decision on plaintiff's case" solely because he succeeded defendant Kerik as Police Commissioner and notwithstanding the fact the plaintiff does not make any specific factual allegations to support a claim of bias against Commissioner Kelly. See Complaint ¶ 24. Plaintiff also appears to be making the even more attenuated assertion that the Deputy Trial Commissioner who presided over his administrative disciplinary trial "could not be fair and unbiased" solely because the Deputy Trial Commissioner position is subordinate to the position of Police Commissioner without any factual allegations to support a claim of bias. See Complaint ¶ 24. Plaintiff's claim of bias is even more incredible considering that Deputy Trial Commissioner Koshetz only found plaintiff guilty of three of the five charges that had been preferred against him and that Commissioner Kelly, who could have rejected the Deputy Trial

Commissioner's recommendation and found plaintiff guilty of all charges, instead accepted the recommendation of the Deputy Trial Commissioner.

Even if plaintiff's conclusory allegations are sufficient to state a claim of bias by either Deputy Trial Commissioner Koshetz or by Commissioner Kelly -- they are not, in <u>Locurto v. Safir</u>, 264 F.3d 154 (2d Cir. 2001), a case legally indistinguishable from the case at bar, the Second Circuit held that a neutral adjudicator is not a necessary component of federal due process at a pre-termination hearing and that an Article 78 proceeding before a neutral adjudicator (i.e., a state court judge) is an adequate post-deprivation hearing for federal due process purposes. <u>Locurto v. Safir</u>, 264 F.3d at 174-75. <u>See</u> <u>also</u> <u>Hellenic Am. Neighborhood Action Comm.</u>, 101 F.3d 877, 881 (2d Cir. 1996).

Thus, because plaintiff has already received an adequate post-termination remedy, through his Article 78 proceeding, in which he had the opportunity to raise any claims of bias in connection with the Departmental trial and in connection with his ultimate termination, plaintiff fails to state a claim which allows this Court to grant relief. Accordingly, the complaint must be dismissed.

**POINT II**

**THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS**

Under the <u>Rooker-Feldman</u> doctrine, District Courts lack subject matter jurisdiction over cases that effectively seek direct or indirect review of state court judgments. <u>District of Columbia Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust</u>, 263 U.S. 413 (1923); <u>Phifer v. City of New York</u>, 289 F.3d 49 (2d Cir. 2002). It applies solely to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

8

rejection of those judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., ___ U.S. ___, 125 S. Ct. 1517, 1521-22 (2005); Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). Pursuant to that doctrine, among federal courts, only the United States Supreme Court has "subject matter jurisdiction over cases that effectively seek review of judgments of state courts." Moccio v. New York State Office of Court Administration, 95 F.3d 195, 197 (2d Cir. 1996). Federal plaintiff's claims are barred if the claims are "inextricably intertwined" with or not independent of the state court judgment. Feldman 460 U.S. at 483-84 n.16.

In the instant case, the plaintiff's federal due process claim is not independent of and is inextricably intertwined with the state-court judgment. To determine if a federal claim is inextricably intertwined with a state court judgment and for Rooker-Feldman to be applied, the Second Circuit has recently held that four requirements must be met: (1) the federal court plaintiff must have lost in state court, (2) the plaintiff must be complaining of injuries caused by the state court judgment, (3) the plaintiff must be inviting the federal court to review and essentially reject the previous state court judgment, and (4) the state court judgment must have been rendered before the federal court action was commenced (hereinafter referred to as "Hoblock Rule"). See Hoblock, 422 F.3d at 85. In other words, the federal constitutional claim will be barred by Rooker-Feldman, regardless of whether or not the constitutional claim is raised in state court, only if it complains of injury from the state-court judgment, and seeks review and reversal of that judgment, but not if it raises an independent claim. Id. To the extent that a plaintiff's claims before a district court are "inextricably intertwined" with a state court determination, the district court does not have jurisdiction to entertain such claims. Feldman, 460 U.S. at 483.

In the instant case, the procedural requirements of the Hoblock Rule, elements one and four, have been clearly met. Plaintiff conceded in his complaint that he lost in state court and he filed this cause of action after the state court dismissal. Plaintiff filed an Article 78 proceeding against NYPD on January 12, 2003 challenging his dismissal from the NYPD. By decision dated February 1, 2005, the Supreme Court of the State of New York ruled that substantial evidence existed for both the Deputy Trial Commissioner's findings and the Police Commissioner's issuance of the penalty. Plaintiff filed the instant complaint on or about September 8, 2005.

The substantive requirements, elements two and three of the Hoblock Rule, have also been established because plaintiff complains of an injury caused by the state court judgment and the plaintiff is requesting the federal court to review and reject it. The state court judgment affirmed the Deputy Trial Commissioner's findings and affirmed the Police Commissioner's penalty, which in turn resulted in the plaintiff losing his job, his benefits and his pension. Now, the plaintiff is requesting that this Court overturn the state court's conclusion that his termination was supported by substantial evidence and that the penalty of dismissal did not shock one's sense of fairness. Plaintiff colors this claim by asserting it as a due process one, in that he wasn't afforded a neutral adjudicator. However, plaintiff's federal claim, not presented in the state court proceeding, doesn't "insulate a federal plaintiff's suit from Rooker-Feldman if the federal suit nonetheless complains of injury from a state court judgment and seeks to have that state court judgment reversed." See Hoblock 422 F.3d at 83. Plaintiff never asserted a due process claim in the state court proceeding and can't do so now.

Therefore, since plaintiff's due process claims, although not raised in his prior state court proceeding, are inextricably intertwined with the state-court claims, his federal claims are barred by Rooker-Feldman, and must be dismissed.

## POINT III

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS BARRED BY THE DOCTRINE OF RES JUDICATA

It is well settled that, under the doctrine of *res judicata* or claim preclusion, once a claim has been brought to a final conclusion, all subsequent claims arising from the same facts or series of transactions are barred. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d 1997); Saud v. Bank of New York, 929 F.2d 916, 919 (2d Cir. 1991); Vishipco Line v. Charles Schwab & Co., 2003 U.S. Dist. LEXIS 4082 (S.D.N.Y. March 19, 2003). "Simply put, the doctrine states that once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning 'the transaction, or series of connected transactions, out of which the [first] action arose." Maharaj, 128 F.3d at 97.

New York uses a "'transactional approach' to res judicata, meaning that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Yoon v. Fordham Univ. Faculty & Admin. Retirement Plan, 263 F.3d 196, 200 (2d Cir. 2001); Vishipco, 2003 U.S. Dist. LEXIS 4082 at *19. Under this approach, "a variation in the facts alleged, legal theories asserted, or relief sought in the new pleading generally will not affect the result, because separately stated causes of action 'may nevertheless be grounded on the same gravamen of the wrong upon which the action is brought.'" Yoon, 263 F.3d at 201 (citations omitted). See EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394 (2d Cir. 1997). .

As already established, plaintiff previously challenged the disciplinary findings and his ultimate termination in the state court Article 78 proceeding. A determination was made on the merits, and plaintiff's guilt of the charges and subsequent termination was upheld. All of the claims plaintiff now asserts could have and should have been raised in the previous proceeding. Following a final determination by the state court, plaintiff cannot now attempt to relitigate these issues that were already brought against the same party and in which there is a final decision on the merits. Accordingly, plaintiff's federal cause of action must be dismissed.

### CONCLUSION

For the foregoing reasons, defendants respectfully request a that the Court issue an order and judgment pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) dismissing the complaint in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated       New York, NY
            January 6, 2006

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Room 2-122
New York, NY 10007
(212) 788-0887

By:  _Melissa Shear_
     Melissa G. Shear (MS1704)
     Assistant Corporation Counsel

Bruce Rosenbaum,
Melissa G. Shear,
   Of Counsel